Exhibit 1

1    GIANELLI & MORRIS, A Law Corporation
     ROBERT S. GIANELLI, #82116
2    ADRIAN J. BARRIO, #219266
     HOWARD LORING ROSE, #251727
3    550 South Hope Street, Suite 1645
     Los Angeles, CA 90071
4    Tel: (213) 489-1600; Fax: (213) 489-1611
     rob.gianelli@gmlawyers.com
5    adrian.barrio@gmlawyers.com
     loring.rose@gmlawyers.com
6
     ERNST LAW GROUP
7    DON A. ERNST, #65726
     CHRISTOPHER EDGINGTON, #169682
8    TAYLOR ERNST, #277901
     1020 Palm Street
9    San Luis Obispo, California 93401
     Tel: (805) 541-0300; Fax: (805) 541-5168
10   dae@ernstlawgroup.com
     ce@ernstlawgroup.com
11   te@ernstlawgroup.com

12   Attorneys for Plaintiff,
     Wun-Ling Chang, M.D., Inc. on behalf of itself
13   and all others similarly situated

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JAN 3 1 2019

Sherri R. Carter, Executive Officer/Clerk of Court
By:  Steven Drew, Deputy

14
15              SUPERIOR COURT OF THE STATE OF CALIFORNIA
16                   FOR THE COUNTY OF LOS ANGELES
17   WUN-LING CHANG, M.D., INC., on behalf    )   CASE NO.: **19STCV02777**
     of itself and all others similarly situated,   )
18                                             )   CLASS ACTION COMPLAINT FOR:
                    Plaintiff,                 )
19                                             )   1. VIOLATION OF BUSINESS &
            v.                                 )      PROFESSIONS CODE SECTION 17200
20                                             )
     BLUE CROSS OF CALIFORNIA d/b/a            )   2. DECLARATORY RELIEF
21   ANTHEM BLUE CROSS; ANTHEM BLUE            )
     CROSS LIFE AND HEALTH INSURANCE           )   3. BREACH OF CONTRACT
22   COMPANY, and DOES 1 through 20,           )
     Inclusive                                 )   4. QUANTUM MERUIT
23   _____    )
24
25
26
27
28

                          *Class Action Complaint*

Plaintiff brings this action on behalf of itself and all others similarly situated, against Defendants Blue Cross of California dba Anthem Blue Cross and Anthem Blue Cross Life and Health Insurance Company and DOES 1 through 20 as follows:

## GENERAL ALLEGATIONS

1.      The true names and capacities, whether individual, corporate, associate or otherwise, of Defendant Does 1 through 20, inclusive, are unknown to Plaintiff at this time. Plaintiff therefore sues said Defendants by such fictitious names. Each of the fictitiously named Defendants is responsible in some manner for the conduct alleged herein and for the injuries suffered by the Plaintiffs and the members of the Classes.

## NATURE OF THE ACTION

2.      This class action is filed on behalf of California medical providers who are not contracted providers with Defendants but who have rendered emergency services to patients covered by Defendants. California laws require that health plans such as Defendants (health care service plans and health insurers) to pay reasonable compensation to non-contracted providers who provide emergency services to a health plan's enrollees, up to the time when care results in stabilization of the patient. California laws also require that health plans make prompt payment to all providers. Anthem has systematically violated the emergency services reimbursement laws and the prompt payment laws by paying unreasonably low rates for providers rendering emergency services while patients are in the hospital. Defendants have also violated their obligation to make payment to the non-contracted providers pursuant to the aforementioned laws and the assignments of benefits obtained by the providers from the enrollees and instead have made their lesser payments directly to the enrollees, thereby depriving the non-contracted providers of any reimbursement.

## THE PARTIES

3.      Plaintiff, Wun-Ling Chang, M.D., Inc. is a medical corporation, incorporated and maintaining its principal place of business in the State of California. Wun-Ling Chang, M.D. is a physician and board-certified specialist in infectious disease, and the president and chief executive officer of Wun-Ling Chang, M.D., Inc.

4.      Defendant Blue Cross of California dba Anthem Blue Cross is a corporation,

incorporated and maintaining its principal place of business in Woodland Hills, California. It is a health care service plan licensed by the Department of Managed Health Care.

5.      Defendant Anthem Blue Cross and Anthem Blue Cross Life and Health Insurance Company is a corporation, incorporated and maintaining its principal place of business in Woodland Hills, California.  Anthem Blue Cross Life and Health Insurance Company is an insurance company licensed by the Department of Insurance.

6.      Defendants Blue Cross of California dba Anthem Blue Cross and Anthem Blue Cross Life and Health Insurance Company are sister companies that use the same employees, data systems, procedures, and work premises. They are collectively referred to herein as "Anthem."

7.      The medical services and the non-payments, underpayments, and/or delayed payments of claims for reimbursement at issue in this complaint occurred in the State of California, including in the County of Los Angeles.

## SUBSTANTIVE ALLEGATIONS

A.      Anthem's practices.

1.      Anthem's violation of emergency services reimbursement laws.

8.      Health care service plans such as Blue Cross of California are subject to the Health & Safety Code. Health and Safety Code section 1371.4(b) states that a health care service plan "shall reimburse providers for emergency services and care provided to its enrollees, until the care results in stabilization of the enrollee, except as provided in subsection (c). Subsection (c) provides, in part, that "[p]ayment for emergency services and care may be denied only if the health care service plan … reasonably determines that the emergency services and care were never performed[.]"

9.      Regulations of the Department of Managed Health Care provide that a health care service plan must pay "the reasonable and customary value for the health care services rendered based upon statistically credible information that is updated at least annually and takes into consideration: (i) the provider's training, qualifications, and length of time in practice; (ii) the nature of the services provided; (iii) the fees usually charged by the provider; (iv) prevailing provider rates charged in the general geographic area in which the services were rendered; (v) other aspects of the economics of the medical provider's practice that are relevant; and (vi) any unusual circumstances in

2

the case...." 28 California Code of Regulations §1300.71(a)(3)(B).

10.    Blue·Cross of California has engaged in a practice of failing to pay the reasonable rates of non-contracting providers when they have performed emergency services for its enrollees as hospital-admitted patients. Blue Cross of California has failed to implement claims procedures to adequately identify and reimburse non-contracted providers for emergency services provided to its enrollees, as required by California law, including failing and refusing to recognize services performed by non-contracting specialists as emergency services when those services are performed on an emergent basis in a hospital instead of in an emergency room. Various types of specialists, such as surgeons, infectious disease experts, and others, frequently provide services to a patient on an emergent basis, after the patient has been admitted to the hospital, but prior to the time when care has resulted in the stabilization of the patient. Blue Cross of California does not identify and recognize these emergency, pre-stabilization services, and unlawfully and improperly calculates payment for services based on its non-contracted rates that are well below the reasonable value of the specialists' emergency services.

11.    Insurance companies such as Blue Cross Life & Health Insurance Company are subject to the Insurance Code. Insurance Code section 10112.7 provides that "A group or individual health insurance policy issued, amended, or renewed on or after January 1, 2014, that provides or covers any benefits with respect to services in an emergency department of a hospital shall cover emergency services for non-contracted providers in a manner that is not more restrictive than for contracted providers.

12.    Anthem Blue Cross Life and Health Insurance Company has engaged in a practice of failing to pay the appropriate rates of non-contracting providers when they have performed emergency services for its enrollees as hospital-admitted patients. Anthem Blue Cross Life and Health Insurance Company has failed to implement claims procedures to adequately identify and reimburse non-contracted providers for emergency services provided to its enrollees, as required by California law, including failing and refusingto recognize services performed by non-contracting specialists as emergency services when those services are performed on an emergent basis in a hospital instead of in an emergency room. Anthem Blue Cross Life and Health Insurance Company

3

*Class Action Complaint*

1   does not identify and recognize these emergency services, provided after the patient has been

2   admitted to the hospital, but prior to the time when care has resulted in the stabilization of the

3   patient, and unlawfully and improperly makes payments that are below the rates Anthem Blue Cross

4   Life and Health Insurance Company applies to contracted providers, and well below the reasonable

5   value of the specialists' emergency services.

6                    **2.      Anthem's violation of prompt payment laws.**

7                    13.     Delayed reimbursement of medical providers by health care service plans and health

8   insurers severely hinders providers' ability to effectively operate their practices and diverts resources

9   from delivery of patient care to the collection of reimbursement and other financial concerns and

10  considerations.

11                   14.     Pursuant to Health & Safety Code sections 1371 and 1371.35, health care service

12  plans must reimburse any claim, or if contested, any uncontested portion of a claim, as soon as

13  practicable, but no later than 30 working days after receipt of the claim (or 45 working days after

14  receipt if the plan is an health maintenance organization), or provide written notice that the claim is

15  contested or denied and the specific reasons therefor within the same time limits.  For any claim

16  contested or denied on the basis that the plan has not received sufficient information, reimbursement

17  must be paid with 30 working days after receipt of any necessary information (or 45 working days

18  after receipt if the plan is an health maintenance organization).  For any claim not timely reimbursed,

19  interest accrues at a rate of 15% per annum, and such interest must be automatically included with

20  the reimbursement payment, or the plan is subject to additional penalties.

21                   15.     Similarly, pursuant to Insurance Code section 10123.13, heath insurers must

22  reimburse any claim, or if contested, any uncontested portion of a claim, as soon as practicable, but

23  no later than 30 working days after receipt of the claim, or provide written notice that the claim is

24  contested or denied and the specific reasons therefor within the same time limits. For any claim

25  contested or denied on the basis that the plan has not received sufficient information, reimbursement

26  must be paid with 30 working days after receipt of any necessary information.  For any claim not

27  timely reimbursed, interest accrues at a rate of 10% per annum.

28

16.　Despite these obligations, Anthem has failed to make timely payment of claims that involve emergency services, or has underpaid those claims as described above, and has not paid the interest and penalties due for late payments.

**3.　Anthem's failure to remit payment to non-contracting providers.**

17.　The rights to benefits under Anthem's health plans have been assigned by Anthem's enrollees, as a matter of course, to non-contracting providers. This obligates Anthem to make payment to the non-contracting providers. Additionally, with respect to Anthem's obligation to pay for emergency services or non-emergency services provided in connection with a stay at a contracted hospital, Anthem is required to directly remit reimbursement payments to non-contracting providers for those services.  Further, in the case of emergency services, California law does not permit Anthem to reduce the reimbursement paid to the provider for any patient share of cost (i.e., co-payment, co-insurance, and/or deductible amounts), but must remit full reimbursement to the provider and address such patient share issues with the patient.

18.　Despite these obligations, Anthem has improperly and unlawfully made payment to the patients for the services rendered by the non-contracting providers, including reduction of reimbursement for emergency services by patient share of cost. These actions, intended to punish non-contracting providers for not entering into contracts with Anthem and thereby accepting Anthem's lower reimbursement rates, violate California laws and the terms of the assignments.

**B.　Anthem's practices as applied to Dr. Chang.**

19.　Dr. Chang is a specialist in the treatment of infectious disease. In the course of her practice, Dr. Chang regularly provides emergency medical services to Anthem enrollees, prior to stabilization of the patient's condition. Plaintiff is not a contracted provider with Anthem.

20.　Plaintiff has submitted claims to Anthem for reimbursement for services rendered to Anthem enrollees for emergency services, for which Anthem has failed and refused and/or delayed to remit reimbursement, interest, and penalties, or to otherwise comply with the requirements of California's emergency services reimbursement and prompt payment laws.

22.　Plaintiff has submitted claims to Anthem for reimbursement for services rendered to Anthem enrollees, including for emergency services law, for which Anthem has failed and refused

5

and/or delayed to remit payment to plaintiff, instead remitting payments to Anthem's enrollee, the patient.

## CLASS ALLEGATIONS

23.     Pursuant to Code of Civil Procedure section 382 and California Rules of Court, Rule 3.760 *et seq.*, plaintiff seeks certification of the following class:

> All licensed medical providers (including provider groups) who have submitted claims for reimbursement to Anthem for services provided to a patient with Anthem health coverage, where the provider was a non-contracted provider with Anthem and Anthem (a) did not pay a claim for emergency services, (b) did not meet the prompt payment deadlines and did not pay the appropriate interest or penalty, and/or (c) paid the patient instead of the non-contracted provider.

24.     The proposed Class and Subclasses each meet the requirements of a certified class in that:

a.     The members of the Class are so numerous that joinder of all members is impracticable;

b.     The members of the Class are ascertainable;

c.     Common questions of law and fact predominate over any individual issues as to all members of the Class;

d.     Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff is a member of the Class and Plaintiff and the Class members and Subclass memebrs are similarly affected by Anthem's wrongful conduct;

e.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and insurance litigation; and

f.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since it will promote judicial economy and avoid inconsistent individual results.

## FIRST CAUSE OF ACTION
### (Violation of the Unfair Competition Law)

26.     Plaintiff hereby repeats and re-alleges all preceding paragraphs and incorporates

1 | same as though fully set forth herein.

2 |    27.  Business and Professions Code section 17200 *et seq.*, the Unfair Competition Law

3 | ("UCL"), prohibits acts of "unfair competition," including any "unlawful, unfair or fraudulent

4 | business act or practice" and "unfair, deceptive, untrue or misleading advertising."

5 |    28.  With respect to plaintiff and the Class, by the acts and omissions alleged herein,

6 | Anthem has violated the UCL by systematically and repeatedly violating California's emergency

7 | services reimbursement laws, prompt payment laws, failing to timely remit reimbursement, interest,

8 | and penalties, and to otherwise comply with California's prompt payment laws, remitting payments

9 | to Anthem's enrollees instead of to providers, and performing other unfair acts of which plaintiff is

10 | presently unaware.

11 |    29.  As a result of Anthem's violations, Plaintiff has suffered injury in fact and has lost

12 | money or property.

13 |    30.  On behalf of itself, and the Class, Plaintiff requests restitution, interest, and

14 | injunctive relief as remedies to correct Anthem's failure to comply with California's emergency

15 | services reimbursement laws, the prompt payment laws, and the practice of paying Anthem enrollees

16 | instead of the non-contracting providers.

17 |    31.  Plaintiff requests attorneys' fees under California Code of Civil Procedure section

18 | 1021.5, the substantial benefit doctrine, a common fund theory, or any other basis permitted by law.

19 | **SECOND CAUSE OF ACTION**<br>**(Declaratory Relief)**

20 |

21 |    32.  Plaintiff hereby repeats and re-alleges all preceding paragraphs and incorporates the

22 | same as though fully set forth herein.

23 |    33.  As alleged above, an actual controversy now exists between Plaintiff and Anthem

24 | regarding their rights and liabilities under the emergency services reimbursement laws, the prompt

25 | payment laws, and Anthem's obligation to pay non-contracting providers instead of Anthem

26 | enrollees.

27 |    34.  Plaintiff requests attorneys' fees under Code of Civil Procedure section 1021.5, the

28 | substantial benefit doctrine, a common fund theory, or any other basis permitted by law.

7

**THIRD CAUSE OF ACTION**
**(Breach of Contract)**

35.    Plaintiff hereby repeats and re-alleges all preceding paragraphs and incorporates the same as though fully set forth herein.

36.    The rights to benefits under Anthem's health plans have been assigned by Anthem's enrollees, as a matter of course, to non-contracting providers, including Plaintiff. Additionally, California's emergency services reimbursement laws, other laws that require payment to providers, and the prompt payment laws, are read into Anthem's health plan contracts as a matter of law.

37.    Anthem has breached the terms of its contracts with its enrollees, and therefore the obligations owed non-contracting providers as assignees of benefits under the contracts and by operation of law, by violating California's emergency services reimbursement laws, prompt payment laws, and the obligation to pay the non-contracted providers instead of Anthem enrollees for the services rendered them.

38.    As a proximate result of said acts, plaintiff, and the Class have suffered loss of benefits under the Anthem health plans, plus interest, in an amount to be proven at the time of trial.

**FOURTH CAUSE OF ACTION**
**(Quantum Meruit)**

39.    Plaintiff hereby repeats and re-alleges all preceding paragraphs and incorporates the same as though fully set forth herein.

40.    Anthem verified the existence of coverage for the patients treated by Plaintiff, as alleged herein. In doing so, Anthem agreed that it would pay benefits for the services rendered by Plaintiff to the patients.

41.    Additionally, Anthem knew that it would be understood and expected that it would be obligated to pay for emergency medical services provided by Plaintiffs, regardless of whether Plaintiffs was an in-network or out-of-network provider. Anthem understood that the services provided its enrollees for emergency services would not be provided for free.

42.    Plaintiff rendered services to patients covered by Anthem, as alleged herein.

43.    Anthem has not paid for the services Plaintiff provided to patients covered by Anthem.

8

44.      Plaintiff is entitled to the reasonable value of the services provided to the patients covered by Anthem.

**WHEREFORE, Plaintiff, and the members of the Class pray for judgment against Anthem as follows:**

1.      Restitution and interest, and late payment penalties, as described herein;

2.      A preliminary and permanent injunction as described herein;

3.      A declaration of the rights and liabilities of the parties;

4.      Damages, statutory interest, and pre-judgment interest, as described herein;

5.      Reasonable attorneys' fees;

6.      Costs of suit incurred herein; and

7.      For such other and further relief as the Court deems just and proper.

DATED: January 30, 2019                                    GIANELLI & MORRIS
                                                          ERNST LAW GROUP


By: _____
                                                          ROBERT S. GIANELLI
                                                          ADRIAN J. BARRIO
                                                          HOWARD LORING ROSE
                                                          Attorneys for Plaintiff and the Class

9

| SHORT TITLE: WUN-LING CHANG, M.D., INC., v. BLUE CROSS OF CALIF. etc. | CASE NUMBER 19STCV02777 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: WUN-LING CHANG, M.D., INC., v. BLUE CROSS OF CALIF. etc. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☑ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: WUN-LING CHANG, M.D., INC., v. BLUE CROSS OF CALIF. etc. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☑ A6014  Insurance Coverage/Subrogation (complex case only) | ①2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

| SHORT TITLE: WUN-LING CHANG, M.D., INC., v. BLUE CROSS OF CALIF. etc. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☑ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS:<br><br>21555 W. Oxnard Street |
|---|---|
| CITY:<br>Woodland Hills | STATE: CA   ZIP CODE: 91367 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the _____ CENTRAL _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: ____1/3/0/19____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18

For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3

Page 4 of 4

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Robert S. Gianelli, SB#82116; Adrian J. Barrio, SB#219266;
Howard Loring Rose, SB#251727-GIANELLI & MORRIS
550 S. Hope Street, Suite 1645
Los Angeles, California 90071
TELEPHONE NO.: (213) 489-1600    FAX NO.: (213) 489-1611
ATTORNEY FOR (Name): Plaintiff, WUN-LING CHANG, M.D., INC.,

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
WUN-LING CHANG, M.D., INC., v. BLUE CROSS OF CALIF. etc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ✔ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 19STCV02777 JUDGE: DEPT: |

FOR COURT USE ONLY

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JAN 3 1 2019

Sherri R. Carter, Executive Officer/Clerk of Court
By: Steven Drew, Deputy

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
✔ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ✔ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ✔ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ✔ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☐ monetary    b. ✔ nonmonetary; declaratory or injunctive relief    c. ☐ punitive
4. Number of causes of action (specify):
5. This case ✔ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: Jan. 30, 2019

Robert S. Gianelli
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) (*if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto*)
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability (*not asbestos or
    toxic/environmental*) (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) (*not civil
    harassment*) (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      (*not medical or legal*)
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract (*not unlawful detainer
        or wrongful eviction*)
    Contract/Warranty Breach–Seller
      Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage (*not provisionally
    complex*) (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent
      domain, landlord/tenant, or
      foreclosure*)
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) (*if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential*)
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    (*arising from provisionally complex
    case type listed above*) (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment (*non-
      domestic relations*)
    Sister State Judgment
    Administrative Agency Award
      (*not unpaid taxes*)
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint (*not specified
    above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-
      harassment*)
    Mechanics Lien
    Other Commercial Complaint
      Case (*non-tort/non-complex*)
    Other Civil Complaint
      (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition (*not specified
    above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
BLUE CROSS OF CALIFORNIA d/b/a ANTHEM BLUE CROSS;
ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE
COMPANY, and DOES 1 through 20, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

WUN-LING CHANG, M.D., INC., on behalf of itself and all others
similarly situated

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JAN 3 1 2019

Sherri R. Carter, Executive Officer/Clerk of Court

By: Steven Drew, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | **CASE NUMBER:**<br>*(Número del Caso):* **19STCV02777** |

Superior Court of California- Stanley Mok Courthouse
111 N. Hill Street, Los Angeles, California 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
GIANELLI & MORRIS- 550 S. Hope Street, Suite 1645, Los Angeles, California 90071; 213 489-1600

| DATE:<br>*(Fecha)* | **JAN 3 1 2019** | **Sherri R. Carter, Clerk** | Clerk, by<br>*(Secretario)* | **STEVEN DREW** | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* ANTHEM BLUE CROSS LIFE AND HEALTH
INSURANCE COMPANY

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
BLUE CROSS OF CALIFORNIA d/b/a ANTHEM BLUE CROSS;
ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE
COMPANY, and DOES 1 through 20, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

WUN-LING CHANG, M.D., INC., on behalf of itself and all others
similarly situated

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JAN 3 1 2019

Sherri R. Carter, Executive Officer/Clerk of Court

By: Steven Drew, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br><br>Superior Court of California- Stanley Mok Courthouse<br>111 N. Hill Street, Los Angeles, California 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>**19STCV02777** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
GIANELLI & MORRIS- 550 S. Hope Street, Suite 1645, Los Angeles, California 90071; 213 489-1600

| DATE: **JAN 3 1 2019** | Sherri R. Carter, Clerk | Clerk, by | STEVEN DREW | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* BLUE CROSS OF CALIFORNIA d/b/a
   ANTHEM BLUE CROSS

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**01/31/2019**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ Steve Drew _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>19STCV02777 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Kenneth R. Freeman | 14 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 01/31/2019
   (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By Steve Drew _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15 days** after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**

**California Employment
Lawyers Association**

    The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

    *The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
        (INSERT DATE)                                                   (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____                    ➤  _____
        (TYPE OR PRINT NAME)                                            (ATTORNEY FOR PLAINTIFF)
Date:

_____                    ➤  _____
        (TYPE OR PRINT NAME)                                            (ATTORNEY FOR DEFENDANT)
Date:

_____                    ➤  _____
        (TYPE OR PRINT NAME)                                            (ATTORNEY FOR DEFENDANT)
Date:

_____                    ➤  _____
        (TYPE OR PRINT NAME)                                            (ATTORNEY FOR DEFENDANT)
Date:

_____                    ➤  _____
        (TYPE OR PRINT NAME)                                            (ATTORNEY FOR _____)
Date:

_____                    ➤  _____
        (TYPE OR PRINT NAME)                                            (ATTORNEY FOR _____)

_____                    ➤  _____
        (TYPE OR PRINT NAME)                                            (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):                    FAX NO. (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

   c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

   d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

   e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.   If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.   The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

   It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.   Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.   Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.   References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

**The following parties stipulate:**

Date:

_____          ➤ _____
          (TYPE OR PRINT NAME)                            (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➤ _____
          (TYPE OR PRINT NAME)                            (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
          (TYPE OR PRINT NAME)                            (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
          (TYPE OR PRINT NAME)                            (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
          (TYPE OR PRINT NAME)                       (ATTORNEY FOR _____)

Date:

_____          ➤ _____
          (TYPE OR PRINT NAME)                       (ATTORNEY FOR _____)

Date:

_____          ➤ _____
          (TYPE OR PRINT NAME)                       (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY. | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                         FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER. |
|---|---|

1. This document relates to:

   ☐   Request for Informal Discovery Conference
   ☐   Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a **Request for Informal Discovery Conference**, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an **Answer to Request for Informal Discovery Conference**, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
FAX NO. (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER |
|---|---|
| | |

## The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

# Superior Court of California
# County of Los Angeles



# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKET

The person who files a civil lawsuit (plaintiff) must include the ADR information Packet with the complaint when serving the defendant. Cross-complainants must serve the ADR Information Packet on any new parties named to the action together with the cross-complaint.

There are a number of ways to resolve civil disputes without having to sue someone. These alternatives to a lawsuit are known as alternative dispute resolution (ADR).

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediations, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help resolve disputes without having to go to court.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

**Advantages of ADR**
- Often faster than going to trial
- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.
- May permit more participation, allowing parties to have more control over the outcome.
- Allows for flexibility in choice of ADR processes and resolution of the dispute.
- Fosters cooperation by allowing parties to work together with the neutral to resolve the dispute and mutually agree to remedy.
- There are fewer, if any, court appearances. Because ADR can be faster and save money, it can reduce stress.

**Disadvantages of ADR** - ADR may not be suitable for every dispute.
- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs of trial, such as attorney's fees and expert fees.

**The Most Common Types of ADR**

- **Mediation**

  In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the parties, rather than the mediator, decide how the dispute is to be resolved.

  - **Mediation is particularly effective** when the parties have a continuing relationship, like neighbors or business people. Mediation is also very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to express their feelings and find out how the other sees things.

  - **Mediation may not be effective** when one party is unwilling to cooperate or compromise or when one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

■ **Arbitration**

In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is typically less formal than a trial, and the rules of evidence may be relaxed. Arbitration may be either "binding" or "non-binding." Binding arbitration means the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Non-binding arbitration means that the parties are free to request a trial if they reject the arbitrator's decision.

Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

■ **Mandatory Settlement Conference (MSC)**

**Settlement Conferences are appropriate in any case where settlement is an option.** Mandatory Settlement Conferences are ordered by the Court and are often held near the date a case is set for trial. The parties and their attorneys meet with a judge who devotes his or her time exclusively to preside over the MSC. The judge does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.

The Los Angeles Superior Court Mandatory Settlement Conference (MSC) program is free of charge and staffed by experienced sitting civil judges who devote their time exclusively to presiding over MSCs. The judges participating in the judicial MSC program and their locations are identified in the List of Settlement Officers found on the Los Angeles Superior Court website at http://www.lacourt.org/. This program is available in general jurisdiction cases with represented parties from independent calendar (IC) and Central Civil West (CCW) courtrooms. In addition, on an ad hoc basis, personal injury cases may be referred to the program on the eve of trial by the personal injury master calendar courts in the Stanley Mosk Courthouse or the asbestos calendar court in CCW.

In order to access the Los Angeles Superior Court MSC Program the judge in the IC courtroom, the CCW Courtroom or the personal injury master calendar courtroom must refer the parties to the program.  Further, all parties must complete the information requested in the Settlement Conference Intake Form and email the completed form to mscdept18@lacourt.org.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

## Additional Information

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs (www.dca.ca.gov) Consumer Information Center toll free at 800-952-5210, or;
- Contact the local bar association (http://www.lacba.org/) or;
- Look in a telephone directory or search online for "mediators; or "arbitrators."

There may be a charge for services provided by private arbitrators and mediators.

A list of approved State Bar Approved Mandatory Fee Arbitration programs is available at
http://calbar.ca.gov/Attorneys/MemberServices/FeeArbitration/ApprovedPrograms.aspx#19

To request information about, or assistance with, dispute resolution, call the number listed below. Or you may call a Contract Provider agency directly. A list of current Contract Provider agencies in Los Angeles County is available at the link below.

http://css.lacounty.gov/programs/dispute-resolution-program-drp/

County of Los Angeles Dispute Resolution Program
3175 West 6th Street, Room 406
Los Angeles, CA 90020-1798
TEL: (213) 738-2621
FAX: (213) 386-3995

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Spring Street Courthouse, Department 14

| | |
|---|---|
| **19STCV02777** | February 14, 2019 |
| **WUN-LING CHANGE, M.D., INC. vs BLUE CROSS OF** | 10:30 AM |
| **CALIFORNIA, et al.** | |

| | |
|---|---|
| Judge: Honorable Kenneth R. Freeman | CSR: None |
| Judicial Assistant: R. Arraiga | ERM: None |
| Courtroom Assistant: T. Lewis | Deputy Sheriff: None |

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

**NATURE OF PROCEEDINGS:** Court Order Regarding Newly Filed Class Action;

By this order, the Court determines this case to be Complex according to Rule 3.400 of the California Rules of Court. The Clerk's Office has randomly assigned this case to this department for all purposes.

By this order, the Court stays the case, except for service of the Summons and Complaint. The stay continues at least until the Initial Status Conference. Initial Status Conference is set for 04/19/2019 at 10:00 AM in this department. At least 10 court days prior to the Initial Status Conference, counsel for all parties must discuss the issues set forth in the Initial Status Conference Order issued this date. The Initial Status Conference Order is to help the Court and the parties manage this complex case by developing an orderly schedule for briefing, discovery, and court hearings. The parties are informally encouraged to exchange documents and information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of Appearance shall not constitute a waiver of any substantive or procedural challenge to the Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to Code of Civil Procedure Section 170.6.

Counsel are directed to access the following link for information on procedures in the Complex litigation Program courtrooms:  http://www.lacourt.org/division/civil/CI0037.aspx

According to Government Code section 70616 subdivisions (a) and (b), each party shall pay a fee of $1,000.00 to the Los Angeles Superior Court within 10 calendar days from this date.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 14

**19STCV02777**                                                   February 14, 2019
**WUN-LING CHANGE, M.D., INC. vs BLUE CROSS OF**                        10:30 AM
**CALIFORNIA, et al.**

Judge: Honorable Kenneth R. Freeman          CSR: None
Judicial Assistant: R. Arraiga               ERM: None
Courtroom Assistant: T. Lewis                Deputy Sheriff: None

Order on all parties forthwith and file a Proof of Service in this department within 7 days of
service.

Certificate of Mailing is attached.

```
                                            FILED
                                   Superior Court of California
                                     County of Los Angeles

                                        FEB 1 4 2019

                              Sherri R. Carter, Executive Officer/Clerk
                              By_____, Deputy
                                      Roxanne Arreaga
```

1

2

3

4

5

6

7              SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                       COUNTY OF LOS ANGELES

9                          CENTRAL DISTRICT

10                                        | Case No. 19STCV02777

11                                        | INITIAL STATUS CONFERENCE ORDER
   WUN-LING CHANG, M.D., INC., et al.,    | (COMPLEX LITIGATION PROGRAM)
12            Plaintiff,                   |
        vs.                               | Case Assigned for All Purposes to
13                                        | Judge Kenneth R. Freeman
   BLUE CROSS OF CALIFORNIA d/b/a         |
14 ANTHEM BLUE CROSS; ANTHEM BLUE         | Department: 14
   CROSS LIFE AND HEALTH INSURANCE        | Date:      April 19, 2019
15 COMPANY, et al.,                       | Time:      10:00 a.m.
                                          |
16            Defendants.                  |

17

18        This case has been assigned for all purposes to Judge Kenneth R. Freeman in the Complex

19 Litigation Program.  An Initial Status Conference is set for **April 19, 2019, at 10:00 a.m., in**

20 **Department 14** located in the **Spring Street Courthouse,** at United States District Court, at 312

21 N. Spring Street, Los Angeles, California 90012.  Counsel for all the parties are ordered to attend.

22        The Court orders counsel to prepare for the Initial Status Conference by identifying and

23 discussing the central legal and factual issues in the case.  Counsel for plaintiff is ordered to

24 initiate contact with counsel for defense to begin this process. Counsel then must negotiate and

25 agree, as possible, on a case management plan.  To this end, counsel must file a Joint Initial Status

26

27 Conference Class Action Response Statement ten (10) court days (**April 5, 2019 and provide a**

28

---

INITIAL STATUS CONFERENCE ORDER

**conformed courtesy copy DIRECTLY in Department 14)** before the Initial Status Conference. The Joint Response Statement must be filed on line-numbered pleading paper and must specifically answer each of the below-numbered questions. Do not the use the Judicial Council Form CM-110 (Case Management Statement) for this purpose.

     **1. PARTIES AND COUNSEL:** Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information.

     **2. POTENTIAL ADDITIONAL PARTIES:** Does any plaintiff presently intend to add more class representatives? If so, and if known, by what date and by what name? Does any plaintiff presently intend to name more defendants? If so, and if known, by what date and by what name? Does any appearing defendant presently intend to file a cross-complaint? If so, who will be named.

     **3. IMPROPERLY NAMED DEFENDANT(S):** If the complaint names the wrong person or entity, please explain.

     **4. ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):** If any party believes one or more named plaintiffs might not be an adequate class representative, please explain. No prejudice will attach to these responses.

     **5. ESTIMATED CLASS SIZE:** Please discuss and indicate the estimated class size.

     **6. OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:** Please list other cases with overlapping class definitions. Please identify the court, the short caption title, the docket number, and the case status.

     **7. POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES:** Please include a sample of any clause of this sort. Opposing parties must summarize their views on this issue.

-2-

**8. POTENTIAL EARLY CRUCIAL MOTIONS:** Opposing counsel are to identify and describe the significant core issues in the case. Counsel then are to identify efficient ways to resolve those issues. The vehicles include:

- Early motions in limine,

- Early motions about particular jury instructions,

- Demurrers,

- Motions to strike,

- Motions for judgment on the pleadings, and

- Motions for summary judgment and summary adjudication.

**9. CLASS CONTACT INFORMATION:** Does plaintiff need class contact information from the defendant's records? If so, do the parties consent to an "opt-out" notice process (as approved in *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554, 561) to precede defense delivery of this information to plaintiff's counsel? If the parties agree on the notice process, who should pay for it? Should there be a third-party administrator?

**10. PROTECTIVE ORDERS:** Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

**11. DISCOVERY:** Please discuss discovery. Do the parties agree on a plan? If not, can the parties negotiate a compromise? At minimum, please summarize each side's views on discovery. The Court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the merits. The Court generally does not permit extensive or expensive discovery relevant only to the merits (for example, detailed damages discovery) unless a persuasive showing establishes early need. If any party seeks discovery from absent class members, please estimate how many, and also state the

-3-

kind of discovery you propose[1].

**12.  INSURANCE COVERAGE:**  Please state if there is insurance for indemnity or reimbursement.

**13.  ALTERNATIVE DISPUTE RESOLUTION:**  Please discuss ADR and state each party's position about it.  If pertinent, how can the Court help identify the correct neutral and prepare the case for a successful settlement negotiation?

**14.  TIMELINE FOR CASE MANAGEMENT:**  Please recommend dates and times for the following:

■ The next status conference,

■ A schedule for alternative dispute resolution, if it is relevant,

■ A filing deadline for the motion for class certification, and

■ Filing deadlines and descriptions for other anticipated non-discovery motions.

**15.  ELECTRONIC SERVICE OF PAPERS:**  For efficiency the complex program requires the parties in every new case to use a third-party cloud service. While the parties are free to choose one of the services shown below, this Court (Department 14) prefers that the parties select:

■ **Case Anywhere (http://www.caseanywhere.com).**

The parties are not required to select Case Anywhere, but may chose instead either

■ File & Serve Xpress (https://secure.fileandservexpress.com) or

■ CaseHomePage (http://www.casehomepage.com).

Please agree on one and submit the parties' choice when filing the Joint Initial Status Conference Class Action Response Statement.  If there is agreement, please identify the vendor. If

---

[1] See California Rule of Court, Rule 3.768.

-4-

parties cannot agree, the Court will select the vendor at the Initial Status Conference. Electronic service is not the same as electronic filing. Only traditional methods of filing by physical delivery of original papers or by fax filing are presently acceptable.

**Reminder When Seeking To Dismiss Or To Obtain Settlement Approval:**

"A dismissal of an entire class action, or of any party or cause of action in a class action, requires Court approval . . . Requests for dismissal must be accompanied by a declaration setting forth the facts on which the party relies. The declaration must clearly state whether consideration, direct or indirect, is being given for the dismissal and must describe the consideration in detail."[2] If the parties have settled the class action, that too will require judicial approval based on a noticed motion (although it may be possible to shorten time by consent for good cause shown).

Pending further order of this Court, and except as otherwise provided in this Initial Status Conference Order, these proceedings are stayed in their entirety. This stay shall preclude the filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court. However, any defendant may file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance shall be without prejudice to any challenge to the jurisdiction of the Court, substantive or procedural challenges to the Complaint, without prejudice to any affirmative defense, and without prejudice to the filing of any cross-complaint in this action. This stay is issued to assist the Court and the parties in managing this "complex" case through the development of an orderly schedule for briefing and hearings on procedural and substantive challenges to the complaint and other issues that may assist in the orderly management of these cases. This stay shall not preclude the parties from informally exchanging documents that may assist in their initial evaluation of the issues

---

[2] California Rule of Court, Rule 3.770(a)

presented in this case, however shall stay all outstanding discovery requests.

        Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order on counsel for all parties, or if counsel has not been identified, on all parties, within five (5) days of service of this order. If any defendant has not been served in this action, service is to be completed within twenty (20) days of the date of this order.

        Dated: February 14, 2019

Judge Kenneth R. Freeman

INITIAL STATUS CONFERENCE ORDER

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**02/14/2019**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ Roxanna Arraiga _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Wun-Ling Change, M.D., Inc. | |
| DEFENDANT/RESPONDENT:<br>Blue Cross of California et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>19STCV02777 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order, Initial Status Conference Order upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Robert Steven Gianelli
Gianelli & Morris
550 S Hope St Ste 1645
Los Angeles, CA  90017

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 02/14/2019                    By:   Roxanne Arraiga _____
                                                    Deputy Clerk

**CERTIFICATE OF MAILING**

55C - 14

POS-015

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): 82116
Robert S. Gianelli
GIANELLI & MORRIS
550 S. Hope Street, Suite 1645
Los Angeles, California 90071
TELEPHONE NO.: (213) 489-1600          FAX NO. (Optional): (213) 489-1611
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Plaintiff, WUN-LING CHANG, M.D., INC.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 312 S. Sprint Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Stanley Mosk Courthouse

PLAINTIFF/PETITIONER: Wun-Ling Chang, M.D., Inc., etc.

DEFENDANT/RESPONDENT: Blue Cross of California dba Anthem Blue Cross, et al.

NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL

FOR COURT USE ONLY

**FILED**
Superior Court of California
County of Los Angeles

MAR 0 6 2019

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Steven Drew

CASE NUMBER:
19STCV02777

TO (insert name of party being served): BLUE CROSS OF CALIFORNIA dba ANTHEM BLUE CROSS

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 2/13/19

Leticia I. Shaw
(TYPE OR PRINT NAME)                           ▶          (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):
1. [✓] A copy of the summons and of the complaint.
2. [✓] Other (specify):
       Civil Case Cover Sheet, Civil Case Cover Sheet Addendum, ADR package, and Notice of
       Assignment

(To be completed by recipient):

Date this form is signed: March 5, 2019

Michelle Cheng / Anthem Blue Cross          ▶          _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,           (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                    ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL

Page 1 of 1
Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

**PROOF OF SERVICE**
*CHANG V. BLUE CROSS OF CALIFORNIA, ETC.*
19STCV02777

**STATE OF CALIFORNIA,**
**COUNTY OF LOS ANGELES**

    I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action; my business address is 550 South Hope Street, Suite 1645, Los Angeles, CA 90071.

    On March 5, 2019, I served the foregoing document described as NOTICE OF ACKNOWLEDGMENT OF RECEIPT ON BLUE CROSS OF CALIFORONIA dba ANTHEM BLUE CROSS on the interested parties in this action by placing a true copy (*the original) thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

**X____ (By Mail)** As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.   Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**X____ (State)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 5, 2019 at Los Angeles, California.

Leticia Shaw

1

**<u>SERVICE LIST</u>**

1

2

3   Kenneth N. Smersfelt
    Kurt C. Peterson

4   Michelle Cheng
    REEDSMITH, LLP

5   355 S. Grand Avenue, Suite 2900
    Los Angeles, California 90071

6   (213) 457-8000 tel

7   (213) 457-8080 fax
    KSmersfelt@reedsmith.com

8   KPeterson@reedsmith.com
    mcheng@reedsmith.com

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>COUNSEL FOR DEFENDANT</u>**
BLUE CROSS OF CALIFORNIA dba
ANTHEM BLUE CROSS; ANTHEM
BLUE CROSS LIFE AND HEALTH
INSURANCE COMPANY

1  GIANELLI & MORRIS, A Law Corporation
   ROBERT S. GIANELLI, #82116
2  ADRIAN J. BARRIO, #219266
   HOWARD LORING ROSE, #251727
3  550 South Hope Street, Suite 1645
   Los Angeles, CA 90071
4  Tel: (213) 489-1600; Fax: (213) 489-1611
   rob.gianelli@gmlawyers.com
5  adrian.barrio@gmlawyers.com
   loring.rose@gmlawyers.com
6
   ERNST LAW GROUP
7  DON A. ERNST, #65726
   CHRISTOPHER EDGINGTON, #169682
8  TAYLOR ERNST, #277901
   1020 Palm Street
9  San Luis Obispo, California 93401
   Tel: (805) 541-0300; Fax: (805) 541-5168
10 dae@ernstlawgroup.com
   ce@ernstlawgroup.com
11 te@ernstlawgroup.com

12 Attorneys for Plaintiff,
   Wun-Ling Chang, M.D., Inc. on behalf of itself
13 and all others similarly situated

**FILED**
Superior Court of California
County of Los Angeles

MAR 08 2019

Sherri R. Carter, Executive Officer/Clerk of Court
By_____ Deputy
        Isaac Lovo

14              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

15                 **FOR THE COUNTY OF LOS ANGELES**

16

17 WUN-LING CHANG, M.D., INC., on behalf    )  CASE NO.: 19STCV02777
   of itself and all others similarly situated,  )  Assigned to Hon.: Kenneth R. Freeman, D14
18                                            )
                    Plaintiff,               )
19                                            )  **NOTICE OF ENTRY OF MINUTE ORDER**
             v.                               )  **STAYING THE CASE AND NOTICE OF**
20                                            )  **INITIAL STATUS CONFERENCE**
   BLUE CROSS OF CALIFORNIA d/b/a            )
21 ANTHEM BLUE CROSS; ANTHEM BLUE           )  **Date:  April 19, 2019**
   CROSS LIFE AND HEALTH INSURANCE          )  **Time: 10:00 a.m.**
22 COMPANY, and DOES 1 through 20,           )  **Dept: 14**
   Inclusive                                 )
23 _____ )

24

25

26

27

28

_____
              *Notice of Entry of Minute Order Staying the Case and Notice of Initial Status Conference*

1    **TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORDS:**

2    **PLEASE TAKE NOTICE** that the Court issued a Minute Order staying the case and setting an

3    Initial Status Conference hearing for April 19, 2019 at 10:00 a.m. in Department 14 of the Los

4    Angeles Superior Court located at 312 N. Spring Street, Los Angeles, California 90012.  True

5    copies of the Court's minute order and Initial Status Conference Order are attached hereto as

6    Exhibit 1.

7           Plaintiff was ordered to give notice.

8    DATED:  March 7, 2019                          GIANELLI & MORRIS

9                                                   ERNST LAW GROUP

10                                       By: _____

11                                                 ROBERT S. GIANELLI

12                                                 ADRIAN J. BARRIO
                                                   HOWARD LORING ROSE

13                                                 Attorneys for Plaintiff and the Class

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

*Notice of Entry of Minute Order Staying the Case and Notice of Initial Status Conference*

03/11/2019

**EXHIBIT 1**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Spring Street Courthouse, Department 14

19STCV02777                                                         February 14, 2019
**WUN-LING CHANGE, M.D., INC. vs BLUE CROSS OF**                    10:30 AM
**CALIFORNIA, et al.**

Judge: Honorable Kenneth R. Freeman          CSR: None
Judicial Assistant: R. Arraiga               ERM: None
Courtroom Assistant: T. Lewis                Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

**NATURE OF PROCEEDINGS:** Court Order Regarding Newly Filed Class Action;

By this order, the Court determines this case to be Complex according to Rule 3.400 of the California Rules of Court. The Clerk's Office has randomly assigned this case to this department for all purposes.

By this order, the Court stays the case, except for service of the Summons and Complaint. The stay continues at least until the Initial Status Conference. Initial Status Conference is set for 04/19/2019 at 10:00 AM in this department. At least 10 court days prior to the Initial Status Conference, counsel for all parties must discuss the issues set forth in the Initial Status Conference Order issued this date. The Initial Status Conference Order is to help the Court and the parties manage this complex case by developing an orderly schedule for briefing, discovery, and court hearings. The parties are informally encouraged to exchange documents and information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of Appearance shall not constitute a waiver of any substantive or procedural challenge to the Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to Code of Civil Procedure Section 170.6.

Counsel are directed to access the following link for information on procedures in the Complex litigation Program courtrooms:  http://www.lacourt.org/division/civil/CI0037.aspx

According to Government Code section 70616 subdivisions (a) and (b), each party shall pay a fee of $1,000.00 to the Los Angeles Superior Court within 10 calendar days from this date.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference

## SUPERIOR COU⌐    `OF CALIFORNIA, COUNT⌐    )F LOS ANGELES
### Civil Division
Central District, Spring Street Courthouse, Department 14

| | |
|---|---|
| 19STCV02777 | February 14, 2019 |
| WUN-LING CHANGE, M.D., INC. vs BLUE CROSS OF | 10:30 AM |
| CALIFORNIA, et al. | |

Judge: Honorable Kenneth R. Freeman        CSR: None
Judicial Assistant: R. Arraiga             ERM: None
Courtroom Assistant: T. Lewis              Deputy Sheriff: None

Order on all parties forthwith and file a Proof of Service in this department within 7 days of service.

Certificate of Mailing is attached.

1

2          CONFORMED COPY
           ORIGINAL FILED
3        Superior Court of California
           County of Los Angeles

4          FEB 1 4 2019

5       Sherri R. Carter, Executive Officer/Clerk
          By: Roxanne Arralga, Deputy

6

7        SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                  COUNTY OF LOS ANGELES

9                    CENTRAL DISTRICT

10                                      Case No. 19STCV02777

11   WUN-LING CHANG, M.D., INC., et al.,   INITIAL STATUS CONFERENCE ORDER
                                           (COMPLEX LITIGATION PROGRAM)
12             Plaintiff,
         vs.                               Case Assigned for All Purposes to
13                                         Judge Kenneth R. Freeman
     BLUE CROSS OF CALIFORNIA d/b/a
14   ANTHEM BLUE CROSS; ANTHEM BLUE
     CROSS LIFE AND HEALTH INSURANCE       Department: 14
15   COMPANY, et al.,                      Date:      April 19, 2019
                                           Time:       10:00 a.m.
16             Defendants.

17

18        This case has been assigned for all purposes to Judge Kenneth R. Freeman in the Complex

19   Litigation Program.  An Initial Status Conference is set for **April 19, 2019, at 10:00 a.m., in**

20   **Department 14** located in the **Spring Street Courthouse**, at United States District Court, at 312

21   N. Spring Street, Los Angeles, California 90012.  Counsel for all the parties are ordered to attend.

22        The Court orders counsel to prepare for the Initial Status Conference by identifying and

23   discussing the central legal and factual issues in the case.  Counsel for plaintiff is ordered to

24   initiate contact with counsel for defense to begin this process. Counsel then must negotiate and

25   agree, as possible, on a case management plan.  To this end, counsel must file a Joint Initial Status

26   Conference Class Action Response Statement ten (10) court days (**April 5, 2019 and provide a**

27

28

_____

                    INITIAL STATUS CONFERENCE ORDER

**conformed courtesy copy DIRECTLY in Department 14)** before the Initial Status Conference. The Joint Response Statement must be filed on line-numbered pleading paper and must specifically answer each of the below-numbered questions. Do not the use the Judicial Council Form CM-110 (Case Management Statement) for this purpose.

**1. PARTIES AND COUNSEL:** Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information.

**2. POTENTIAL ADDITIONAL PARTIES:** Does any plaintiff presently intend to add more class representatives? If so, and if known, by what date and by what name? Does any plaintiff presently intend to name more defendants? If so, and if known, by what date and by what name? Does any appearing defendant presently intend to file a cross-complaint? If so, who will be named.

**3. IMPROPERLY NAMED DEFENDANT(S):** If the complaint names the wrong person or entity, please explain.

**4. ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):** If any party believes one or more named plaintiffs might not be an adequate class representative, please explain. No prejudice will attach to these responses.

**5. ESTIMATED CLASS SIZE:** Please discuss and indicate the estimated class size.

**6. OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:** Please list other cases with overlapping class definitions. Please identify the court, the short caption title, the docket number, and the case status.

**7. POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES:** Please include a sample of any clause of this sort. Opposing parties must summarize their views on this issue.

-2-

**8. POTENTIAL EARLY CRUCIAL MOTIONS:** Opposing counsel are to identify and describe the significant core issues in the case. Counsel then are to identify efficient ways to resolve those issues. The vehicles include:

- ■ Early motions in limine,

- ■ Early motions about particular jury instructions,

- ■ Demurrers,

- ■ Motions to strike,

- ■ Motions for judgment on the pleadings, and

- ■ Motions for summary judgment and summary adjudication.

**9. CLASS CONTACT INFORMATION:** Does plaintiff need class contact information from the defendant's records? If so, do the parties consent to an "opt-out" notice process (as approved in *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554, 561) to precede defense delivery of this information to plaintiff's counsel? If the parties agree on the notice process, who should pay for it? Should there be a third-party administrator?

**10. PROTECTIVE ORDERS:** Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

**11. DISCOVERY:** Please discuss discovery. Do the parties agree on a plan? If not, can the parties negotiate a compromise? At minimum, please summarize each side's views on discovery. The Court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the merits. The Court generally does not permit extensive or expensive discovery relevant only to the merits (for example, detailed damages discovery) unless a persuasive showing establishes early need. If any party seeks discovery from absent class members, please estimate how many, and also state the

kind of discovery you propose[1].

   **12.  INSURANCE COVERAGE:**  Please state if there is insurance for indemnity or reimbursement.

   **13.  ALTERNATIVE DISPUTE RESOLUTION:**  Please discuss ADR and state each party's position about it.  If pertinent, how can the Court help identify the correct neutral and prepare the case for a successful settlement negotiation?

   **14.  TIMELINE FOR CASE MANAGEMENT:**  Please recommend dates and times for the following:

   ■ The next status conference,

   ■ A schedule for alternative dispute resolution, if it is relevant,

   ■ A filing deadline for the motion for class certification, and

   ■ Filing deadlines and descriptions for other anticipated non-discovery motions.

   **15.  ELECTRONIC SERVICE OF PAPERS:**  For efficiency the complex program requires the parties in every new case to use a third-party cloud service. While the parties are free to choose one of the services shown below, this Court (Department 14) prefers that the parties select:

   ■ **Case Anywhere (http://www.caseanywhere.com).**

   The parties are not required to select Case Anywhere, but may chose instead either

   ■ File & Serve Xpress (https://secure.fileandservexpress.com) or

   ■ CaseHomePage (http://www.casehomepage.com).

   Please agree on one and submit the parties' choice when filing the Joint Initial Status Conference Class Action Response Statement.  If there is agreement, please identify the vendor. If

---

[1] See California Rule of Court, Rule 3.768.

-4-

parties cannot agree, the Court will select the vendor at the Initial Status Conference. Electronic service is not the same as electronic filing. Only traditional methods of filing by physical delivery of original papers or by fax filing are presently acceptable.

**Reminder When Seeking To Dismiss Or To Obtain Settlement Approval:**

"A dismissal of an entire class action, or of any party or cause of action in a class action, requires Court approval . . . Requests for dismissal must be accompanied by a declaration setting forth the facts on which the party relies. The declaration must clearly state whether consideration, direct or indirect, is being given for the dismissal and must describe the consideration in detail."[2] If the parties have settled the class action, that too will require judicial approval based on a noticed motion (although it may be possible to shorten time by consent for good cause shown).

Pending further order of this Court, and except as otherwise provided in this Initial Status Conference Order, these proceedings are stayed in their entirety. This stay shall preclude the filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court. However, any defendant may file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance shall be without prejudice to any challenge to the jurisdiction of the Court, substantive or procedural challenges to the Complaint, without prejudice to any affirmative defense, and without prejudice to the filing of any cross-complaint in this action. This stay is issued to assist the Court and the parties in managing this "complex" case through the development of an orderly schedule for briefing and hearings on procedural and substantive challenges to the complaint and other issues that may assist in the orderly management of these cases. This stay shall not preclude the parties from informally exchanging documents that may assist in their initial evaluation of the issues

---

[2] California Rule of Court, Rule 3.770(a)

1   presented in this case, however shall stay all outstanding discovery requests.

2       Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order on

3   counsel for all parties, or if counsel has not been identified, on all parties, within five (5) days of

4   service of this order. If any defendant has not been served in this action, service is to be completed

5   within twenty (20) days of the date of this order.

6       Dated: February 14, 2019

7

8                             KENNETH R. FREEMAN

9                         _____

10                         Judge Kenneth R. Freeman

11

12

...

28

INITIAL STATUS CONFERENCE ORDER

# SUPERIOR C     RT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

COURTHOUSE ADDRESS:
Spring Street Courthouse
312 North Spring Street, Los Angeles, CA 90012

**FILED**
Superior Court of California
County of Los Angeles

02/14/2019

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ Roxanne Arraiga _____ Deputy

PLAINTIFF/PETITIONER:
Wun-Ling Change, M.D., Inc.

DEFENDANT/RESPONDENT:
Blue Cross of California et al

## CERTIFICATE OF MAILING

CASE NUMBER:
19STCV02777

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order, Initial Status Conference Order upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Robert Steven Gianelli
Gianelli & Morris
550 S Hope St Ste 1645
Los Angeles, CA  90017

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 02/14/2019

By:   Roxanne Arraiga _____
        Deputy Clerk

**CERTIFICATE OF MAILING**

# PROOF OF SERVICE
*CHANG V. BLUE CROSS OF CALIFORNIA, ETC.*
19STCV02777

**STATE OF CALIFORNIA,**
**COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action; my business address is 550 South Hope Street, Suite 1645, Los Angeles, CA 90071.

On March 7, 2019, I served the foregoing document described as **NOTICE OF ENTRY OF MINUTE ORDER STAYING THE CASE AND NOTICE OF INITIAL STATUS CONFERENCE** on the interested parties in this action by placing a true copy (*the original) thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

**X      (By Mail)** As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.   Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**X      (State)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 7, 2019 at Los Angeles, California.

Leticia Shaw

1

## SERVICE LIST

Kenneth N. Smersfelt
Kurt C. Peterson
Michelle Cheng
REEDSMITH, LLP
355 S. Grand Avenue, Suite 2900
Los Angeles, California 90071
(213) 457-8000 tel
(213) 457-8080 fax
KSmersfelt@reedsmith.com
KPeterson@reedsmith.com
mcheng@reedsmith.com

**COUNSEL FOR DEFENDANT**
BLUE CROSS OF CALIFORNIA dba
ANTHEM BLUE CROSS; ANTHEM
BLUE CROSS LIFE AND HEALTH
INSURANCE COMPANY



GIANELLI & MORRIS, A Law Corporation
Robert S. Gianelli, #82116
Adrian J. Barrio, #219266
Howard Loring Rose, #251727
550 South Hope Street, Suite 1645
Los Angeles, CA 90071
Tel: (213) 489-1600
Fax: (213) 489-1611
Attorneys for Plaintiff, WUN-LING CHANG, M.D., INC.,
on behalf of itself and all others similarly situated

REED SMITH LLP
Kenneth N. Smersfelt (SBN 166764)
Amir Shlesinger (SBN 204132)
Michelle L. Cheng (SBN 239711)
Benjamin Watson (SBN 306379 )
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
Telephone:     (213) 457-8000
Facsimile:     (213) 457-8080

Attorneys for Defendant, BLUE CROSS OF CALIFORNIA
dba ANTHEM BLUE CROSS, et al.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

WUN-LING CHANG, M.D., INC., on behalf of itself and all others similarly situated,
Plaintiff,

vs.

BLUE CROSS OF CALIFORNIA d/b/a ANTHEM BLUE CROSS; ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY, and DOES 1 through 20, Inclusive,
Defendants.

Case No. BC 19STCV02777

*[Assigned for all Purposes to the Honorable Kenneth R. Freeman]*

**JOINT INITIAL STATUS CONFERENCE REPORT**

Complaint Filed: January 31, 2019
Trial Date: None Set Yet

Date:   April 19, 2019
Time:   10:00 a.m.
Place:  Spring Street Courthouse, Dept. 14

JOINT INITIAL STATUS CONFERENCE REPORT

1    Plaintiff, WUN-LING CHANG, M.D., INC., on behalf of itself and all others similarly

2   situated, ("plaintiff"), and defendants, BLUE CROSS OF CALIFORNIA dba ANTHEM BLUE

3   CROSS and ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY,

4   (collectively, "Anthem"), having completed a conference of counsel, respectfully submit this joint

5   initial status conference report.

6

7   1.    **Parties and Counsel:**

8

9        A.   **Attorneys for Plaintiff, Wun-Ling Chang, M.D., Inc.**

10       Robert S. Gienalli
         Adrian J. Barrio
11       Howard Loring Rose
         GIANELLI & MORRIS
12       550 South Hope Street, Suite 1645
         Los Angeles, California 90071
13       Tel: 213-498-1600

14

15       Don A. Ernst
         Christopher D. Edgington
16       Taylor Ernst
         ERNST LAW GROUP
17       1020 Palm Street
         San Luis Obispo, California 93401
18       Tel: 805-541-0300

19

20       B.   **Attorneys for Defendants Blue Cross of California dba Anthem Blue Cross and
         Anthem Blue Cross Life and Health Insurance**
21
         Kenneth Smersfelt
22       Amir Shlesinger
         Michelle L. Cheng
23       Benjamin Watson
         REED SMITH LLP
24       355 South Grand Avenue, Suite 2900
         Los Angeles, CA 90071
25       Telephone: +1 213 457 8000
         Facsimile: +1 213 457 8080
26

27

28

- 1 -

JOINT INITIAL STATUS CONFERENCE REPORT

2.    **Potential Additional Parties:**  Plaintiff does not presently intend to add additional class representatives, or name additional defendants.  Anthem does not presently intend to file a cross-complaint.

3.    **Improperly Named Defendant(s):**  Anthem does not currently contend that any defendants have been improperly named.  Anthem reserves the right to change its position as additional facts are discovered, and as further analysis and research discloses additional facts, contentions, or legal theories which may apply.

4.    **Adequacy of Proposed Class Representative(s):**   Plaintiff contends that the named plaintiff, Wun-Ling Chang, M.D., Inc., is an adequate class representative.

Anthem is currently investigating the facts and circumstances underlying the medical claims at issue.  An evaluation of the medical claims, any and all payments made pursuant each claim, and the reasons underlying such payments will be necessary to determine the adequacy of Plaintiff as a proposed class representative.  Anthem reserves the right to make any arguments regarding the inadequacy of plaintiff as a proposed class representative as additional facts are discovered, and as further analysis and research discloses additional facts, contentions, or legal theories which may apply.

5.    **Estimated Class Size:**  As further described in the complaint, the putative class is defined to include all non-contracting providers who submitted claims to Anthem, where Anthem failed to pay and allow proper reimbursement for emergency (*i.e.*, pre-stabilization) services as required by applicable statutes and regulations, where Anthem did not comply with prompt payment processing laws, and where Anthem failed to remit payment to the non-contracting provider.  Plaintiff alleges that Anthem's failure to comply with these reimbursement laws is a systemic failure to properly implement the law.  As such, plaintiff anticipates that the class size is ample and will satisfy numerosity.

Anthem is currently investigating the facts and circumstances underlying the medical claims at issue, and the identity of purported class members.  Anthem reserves the right to make any argument regarding class size in opposition to class certification as additional

1    facts are discovered, and as further analysis and research discloses additional facts,

2    contentions, or legal theories which may apply.

3    6.    **Other Actions with Overlapping Class Definitions:**  The parties are not aware of any

4    other cases with overlapping class definitions.

5    7.    **Potentially Relevant Arbitration and/or Class Action Waiver Clauses:**  Plaintiff does

6    not believe that there is any applicable arbitration agreement or class action waiver with

7    respect to the claims asserted in this lawsuit, particularly given that the putative class is

8    defined to include only providers who are not contracted with Anthem.

9            Anthem is investigating whether potentially relevant arbitration and class waiver

10   clauses exist.

11   8.    **Potential Early Crucial Motions:**  Anthem is evaluating its responsive pleading and may

12   file a general demurrer to the Complaint.  Anthem has not completed its investigation as to

13   all existing grounds for a demurrer.  Plaintiff will file a class certification motion upon

14   completion of sufficient discovery to properly present such motion.  Plaintiff contends that

15   the claims asserted are properly pleaded, and that there is no basis for any demurrer.

16

17   9.    **Class Contact Information:**  Plaintiff is currently assessing the need for class contact

18   information and, in the event it concludes it is necessary, would propose an "opt out" notice

19   for such purpose.

20   10.   **Protective Orders:**  The parties agree that certain documents may require protection from

21   disclosure due to their confidential nature, and they will jointly file a stipulated protective

22   order governing confidential materials.  The stipulated protective order will also address

23   the inadvertent production of privileged or otherwise protected materials.

24   11.   **Discovery:**

25            A. **Plaintiff's Position:**  Plaintiff does not believe a discovery plan, such as

26   phased or limited discovery, is necessary.  In cases of this nature, where the question is

27   whether a defendant engaged in a particular practice, there is an obvious overlap between

28

JOINT INITIAL STATUS CONFERENCE REPORT

class and merits issues. Additionally, unless Anthem agrees that damages are subject to common proof, plaintiff will be required to perform discovery on damages issues.

Plaintiff opposes any stay of discovery pending Anthem's determination of whether or not it intends to file a demurrer, and if filed pending hearing on any demurrer. Anthem has not, to date, articulated any basis for a potential demurrer. Plaintiff contends that the claims asserted are properly pleaded, and that there is no basis for any demurrer.

Without any obligation to do so, plaintiff has voluntarily provided to Anthem a list of plaintiff's claims identified to date, setting forth the subscriber/patient identification number, claim identification number, date(s) of service, and billing amount(s). With this information, Plaintiff contends that Anthem is able to review the claims processing history and confirm (or refute) plaintiff's allegation of a systemic failure to comply with non-contracted provider emergency services, prompt payment, and provider remit requirements.

**B. Anthem's Position:** The stay on discovery in this matter should remain in full force until the pleading is at issue, and there is an operative pleading in place. Anthem is amenable to informally exchanging certain discovery for settlement negotiations purposes, and will meet and confer with Plaintiff's counsel regarding the scope of such discovery.

If and once formal discovery does commence, Anthem believes that it is appropriate to limit discovery to class certification issues. Plaintiff's belief that merits discovery will "overlap" with class discovery is, without more, an insufficient reason to allow merits and class discovery to proceed simultaneously. It is plaintiff's burden to demonstrate that this matter should proceed as a class action. As such, the parties may use the discovery process to gather evidence necessary for the Court to determine whether it should certify a class. Upon completion of this process, and as the Rules of Court provide, the Court will hold a conference to determine the bona fides of plaintiff's class allegations. *See e.g.*, Cal. Rules of Court 3.762, *et seq.* If the Court concludes the matter

- 4 -

1   should not proceed as a class, there is at least a strong likelihood that plaintiff will not

2   proceed further because it is not cost effective to do so.

3        Moreover, Anthem should be permitted to know the scope of the case it must defend

4   so it can allocate resources efficiently.  While Plaintiff has provided a list of claims at issue,

5   Anthem requires additional information and time to fully research and understand their

6   connection, if any, to Plaintiff's allegations.  There is no reason any defendant should be

7   forced to plan and prepare for the defense of a class action unless and until the plaintiff can

8   demonstrate his or her complaint is appropriate for class treatment.  To do otherwise, can

9   result in a waste of resources or force Anthem to overvalue the case for settlement purposes.

10       **C.  Electronic Document Production and Electronically Stored Information**

11       The parties agree on electronic document production in PDF format (in lieu of

12  serving paper copies), whenever practicable, and further agree to discuss and seek

13  agreement on protocols with respect to identification, review, and production of

14  electronically stored information.  Electronically stored information will be produced in

15  PDF format, and/or in native format for certain, large-scale documents to facilitate use by

16  the parties, such as in Excel format.  Data that will be produced in Excel format will be

17  produced with full search functionality.  The parties will meet and confer further

18  regarding the scope and logistics of document production. The parties agree that this

19  paragraph is not intended to alter the scope of discovery in this case.

20  12.  **Insurance Coverage:**  Anthem is investigating the availability and applicability of

21  insurance coverage.

22  13.  **Alternative Dispute Resolution:**  Plaintiff has agreed to participate in private mediation,

23  and, if amenable to the parties, early private mediation.  Plaintiff has voluntarily provided

24  to Anthem a list of plaintiff's claims identified to date, setting forth the subscriber/patient

25  identification number, claim identification number, date(s) of service, and billing

26  amount(s), in order to permit Anthem to investigate the allegations of this lawsuit in the

27  context of a substantial group of specific reimbursement claims implicated, and evaluate

28  whether early mediation is appropriate..  Plaintiff is willing to engage in a further

- 5 -

JOINT INITIAL STATUS CONFERENCE REPORT

voluntary exchange of information, subject to the mediation privilege, if reciprocated by Anthem.  At an appropriate time and after sufficient investigation to make mediation meaningful, Anthem will discuss the timing for a private mediation.

14.   **Timeline for Case Management:**

    **A.  Next Status Conference:**  The parties jointly request that the next case management conference be set for 90-120 days from the date of the Initial Status Conference.

    **B.  Schedule for Alternative Dispute Resolution:**  As noted *supra*, plaintiff has agreed to participate in private mediation, and, if amenable to the parties, early private mediation.  Plaintiff has voluntarily provided claims information to Anthem, in order to permit Anthem to investigate the allegations of this lawsuit in the context of a substantial group of specific reimbursement claims implicated, and evaluate whether early mediation is appropriate.  Anthem is evaluating if and when private mediation may be appropriate, but is not yet prepared to have a meaningful discussion regarding alternative dispute resolution until the underlying claims asserted by Plaintiff are examined.

    **C.  Anticipated Non-Discovery Motions:**  Plaintiff will file a class certification motion or, in the event a class settlement is reached, motions for preliminary and final settlement approval.  Otherwise, plaintiff does not anticipate filing any non-discovery motions at this time.

    Plaintiff proposes that the Court set a deadline for Anthem to file its response to the complaint, whether by demurrer or answer, within 60 days of the initial status conference, subject to the parties' right to jointly request additional time if justified.

    Anthem anticipates filing an opposition to the class certification motion, as well as dispositive motions.  Anthem proposes that law and motion filing deadlines, including deadlines for Plaintiff's anticipated class certification motion and Anthem's response to the Complaint, be discussed at the next status conference to afford both parties the same opportunity to engage in good faith settlement negotiations and mediation.

15.   **Electronic Service of Papers:**  A full and complete service list is provided on the attached proof of service.  The parties agree to use Case Anywhere for electronic service of pleadings and discovery in this case.

Dated:  April 4, 2019

GIANELLI & MORRIS
ERNST LAW GROUP

By:  ~~Howard Loring Rose~~
Chris D. Edgington
Attorneys for Plaintiff, San Luis Imaging
Medical Group, Inc.

Dated:  April 4, 2019

REED SMITH LLP

By:  Michelle L. Cheng

Attorneys for Defendants, Blue Cross of
California dba Anthem Blue Cross and
Anthem Blue Cross Life and Health Insurance
Company

JOINT INITIAL STATUS CONFERENCE REPORT

## PROOF OF SERVICE
*CHANG V. BLUE CROSS OF CALIFORNIA, ETC.*
19STCV02777

STATE OF CALIFORNIA,
COUNTY OF LOS ANGELES

     I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action; my business address is 550 South Hope Street, Suite 1645, Los Angeles, CA 90071.

     On April 05, 2019, I served the foregoing document described as JOINT INITIAL STATUS CONFERENCE REPORT on the interested parties in this action by placing a true copy (*the original) thereof enclosed in a sealed envelope addressed as follows:

### SEE ATTACHED SERVICE LIST

<u>X</u>    (**By Mail**) As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

<u>X</u>    (**By Courtesy Email**) I served the above-entitled document(s) by email and .pdf attachment through the office email service for Gianelli & Morris.

<u>X</u>    (**State**)  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

     Executed on April 05, 2019 at Los Angeles, California.

                         Skarleht Samayoa

1

## SERVICE LIST

| | |
|---|---|
| Kenneth N. Smersfelt<br>Kurt C. Peterson<br>Michelle Cheng<br>REEDSMITH, LLP<br>355 S. Grand Avenue, Suite 2900<br>Los Angeles, California 90071<br>(213) 457-8000 tel<br>(213) 457-8080 fax<br>KSmersfelt@reedsmith.com<br>KPeterson@reedsmith.com<br>mcheng@reedsmith.com | **COUNSEL FOR DEFENDANT**<br>BLUE CROSS OF CALIFORNIA dba<br>ANTHEM BLUE CROSS; ANTHEM<br>BLUE CROSS LIFE AND HEALTH<br>INSURANCE COMPANY |

2

1   Kenneth N. Smersfelt (SBN 166764)
Amir Shlesinger (SBN 204132)
2   Michelle L. Cheng (SBN 239711)
Benjamin C. Watson (SBN 306379)
3   REED SMITH LLP
355 South Grand Avenue, Suite 2900
4   Los Angeles, CA 90071-1514
Telephone: +1 213 457 8000
5   Facsimile: +1 213 457 8080
6
7   Attorneys for Defendant Blue Cross of
California d/b/a Anthem Blue Cross; Anthem
8   Blue Cross Life and Health Insurance Company

**CONFORMED COPY**
**ORIGINAL FILED**
Superior Court of California
County of Los Angeles

APR 0 5 2019

Sherri R. Carter, Executive Officer/Clerk of Court
By: Steven Drew, Deputy

9       SUPERIOR COURT OF THE STATE OF CALIFORNIA

10           FOR THE COUNTY OF LOS ANGELES

11

12   WUN-LING CHANG, M.D., INC., on behalf
of itself and all others similarly situated,

Case No. 19STCV02777

13            Plaintiff,

**DEFENDANTS' NOTICE OF**
**APPEARANCE**

14

15       vs.

Honorable Kenneth R. Freeman

16   BLUE CROSS OF CALIFORNIA d/b/a
ANTHEM BLUE CROSS; ANTHEM BLUE
17   CROSS LIFE AND HEALTH INSURANCE
COMPANY, and DOES 1 through 20 inclusive,

18

19         Defendants.

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

---

1    TO THE CLERK OF THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF

2    RECORD:

3         PLEASE TAKE NOTICE Kenneth N. Smersfelt, Amir Shlesinger, Michelle L. Cheng, and

4    Benjamin C. Watson of Reed Smith LLP enter their appearance in the above-captioned matter as

5    counsel for Defendants Blue Cross of California d/b/a Anthem Blue Cross and Anthem Blue Cross

6    Life and Health Insurance Company.  Contact information for counsel is as follows:

7

8         Kenneth N. Smersfelt (SBN 166764)
          ksmersfelt@reedsmith.com
9         Amir Shlesinger (SBN 204132)
          ashlesinger@reedsmith.com
10        Michelle L. Cheng (SBN 239711)
          mcheng@reedsmith.com
11        Benjamin C. Watson (SBN 306379)
          bwatson@reedsmith.com
12        REED SMITH LLP
          355 South Grand Avenue, Suite 2900
13        Los Angeles, CA  90071-1514
          Telephone: +1 213 457 8000
14        Facsimile: +1 213 457 8080

15

16        DATED:  April 5, 2019              REED SMITH LLP

17

18                                           By: _____
19                                                Kenneth N. Smersfelt
                                                  Amir Shlesinger
20                                                Michelle L. Cheng
                                                  Benjamin C. Watson
21                                                Blue Cross of California d/b/a Anthem Blue Cross;
                                                  Anthem Blue Cross Life and Health Insurance
22                                                Company

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 1 –

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is REED SMITH LLP, 355 South Grand Ave, Suite 2900, Los Angeles, CA 90071-1514. On April 5, 2019, I served the following document(s) by the method indicated below:

**DEFENDANTS' NOTICE OF APPEARANCE**

☑    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☐    by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. A signed proof of service by the process server or delivery service will be filed shortly.

☐    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐    by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below. A copy of the consignment slip is attached to this proof of service.

☐    by transmitting via email to the parties at the email addresses listed below:

| | |
|---|---|
| Gianelli & Morris, A Law Corporation<br>Robert S. Gianelli<br>Adrian J. Barrio<br>Howard Loring Rose<br>550 South Hope Street, Suite 1645<br>Los Angeles, CA 90071 | *Attorneys for Plaintiffs*<br><br>T: (213) 489-1600<br>F: (213) 489-1611<br><br>rob.gianelli@gmlawyers.com<br>adrian.barrio@gmlawyers.com<br>loring.rose@gmlawyers.com |
| Ernst Law Group<br>Don A. Ernst<br>Christopher Edgington<br>Taylor Ernst<br>1020 Palm Street<br>San Luis Obispo, California 93401 | *Attorneys for Plaintiffs*<br><br>T: (805) 541-0300<br>F: (805) 541-5168<br><br>dae@ernstlawgroup.com<br>ce@ernstlawgroup.com<br>te@ernstlawgroup.com |

*left margin:* REED SMITH LLP
A limited liability partnership formed in the State of Delaware

4/5/19 2:05 PM

1

2       I declare under penalty of perjury under the laws of the State of California that the above is

3   true and correct.  Executed on April 5, 2019, at Los Angeles, California.

4

5                     Sean Wilson

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware